In the Matter of COLLECTORS CLUB, Respondent, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants. [22 E. 35th St., Borough of Manhattan.] — Order affirmed, with $20 costs and disbursements to respondents. No opinion. Concur — Bastow, Botein and Rabin, JJ.; Callahan and Breitel, JJ., dissent and vote to reverse.

LAURA COHN, Respondent, v. SAMUEL B. COHN, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ. [See *post,* p. 845.]

In the Matter of the Arbitration between EISEMANN INDUSTRIAL CORPORATION, Respondent, and GENERAL MOLD CASTING CORPORATION, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Concur — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ.

MARGUERITE RICAUD, as Administratrix Ad Prosecuedum of the Estate of ROGER RICAUD, Deceased, Appellant, v. ROBERT BRODERICK, JR., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Concur — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MITCHELL, Appellant.— Order unanimously affirmed. No opinion. Concur — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ.

HENRY L. BRESSINGHAM, Respondent-Appellant, v. CITY OF NEW YORK et al., Defendants, and MAROSY PLUMBING & HEATING Co., INC., et al., Appellants-Respondents. MAROSY PLUMBING & HEATING Co., INC., Third-Party Plaintiff-Appellant, v. BRINSMADE HOMES, INC., Third-Party Defendant, and NACLERIO CONTRACTING Co., INC., Third-Party Defendant-Respondent.— Judgment affirmed. No opinion. Concur — Peck, P. J., Cohn, Breitel and Bastow, JJ.; Callahan, J., dissents and votes to reverse insofar as the judgment dismisses the third-party complaint of the appellant Marosy Plumbing & Heating Co., Inc., against the third-party defendant Naclerio Contracting Co., Inc. Judgment over should be awarded appellant Marosy against Naclerio on the ground that the evidence discloses that the negligence of the latter was the primary cause of the accident, and the negligence of Marosy was secondary and passive.